LEWIS ORNN, *et al.*, V. MERCHANTS NATIONAL BANK.

16 341<br>41 708

1. SERVICE OF SUMMONS; *Jurisdiction; Findings; Presumption.* Where the court below finds that a sufficient service of summons was had upon the defendant, and renders a judgment against him, and there is nothing in the record brought to the supreme court which shows that no such service was in fact had, or that the defendant did not make a voluntary appearance in the case, and it does not appear that the whole of the record has been brought to the supreme court, *held,* that although it may not appear affirmatively from the record brought to the supreme court, except as above stated, that any such service or appearance was in fact made, still it will not be presumed from such a record, for the purpose of reversing the judgment of the court below, that the judgment was rendered without a sufficient service of summons or appearance.

2. NATIONAL BANKING LAW; *Mortgage to National Bank.* The defendant owed a large sum of money to a National Bank. To partially secure the payment thereof he gave a mortgage to the bank on some property owned by him in Chicago, Illinois. There was a prior lien of $2,000 on the Chicago property, which the defendant agreed to pay. Five hundred dollars of the same became due, and the bank, in order to save and protect its own lien on said Chicago property, and at the request of the defendant, paid said sum of $500, and then took the note and mortgage now sued on for that amount on property situated in Crawford county, Kansas: *Held,* That the taking of the last-mentioned mortgage is not a violation of the National Banking Law, and that the mortgage is valid.

*Error from Crawford District Court.*

FORECLOSURE of mortgage, brought by the *Merchants National Bank of Fort Scott,* as plaintiff, against *Lewis Ornn* and his wife. The mortgage was executed by said defendants to secure a note given by said *Lewis Ornn* alone. The note and mortgage were executed and dated July 19th 1873. The Mo. River, Fort Scott & Gulf Railroad Co. was joined as a codefendant, as having some interest in or claim to the mortgaged premises. Trial by the court, without a jury, at the October Term 1874. The journal entry of the trial, showing the findings of fact and conclusions of law, is as follows:

(*Title.*) "This cause this day came on by consent. The plaintiff appeared by Playter & Pursel, its attorneys; the Mo. River, Ft. Scott & Gulf Railroad Co. by C. W. Blair, and the defendant Abbie E. Ornn by her counsel McComas & McKeighan. The defendant Lewis Ornn not appearing, but being in default. Whereupon the court finds as to Lewis Ornn, that he is indebted to plaintiff in the sum of $553.55 on his note as set forth in plaintiff's petition, and that said indebtedness was secured by mortgage signed by said Lewis Ornn and Abbie E. Ornn his wife on the property described in plaintiff's petition; and that the sum of $50 is due thereon as attorney's fee for foreclosure of said mortgage.

"And as to defendant the Mo. River, Fort Scott & Gulf Railroad Co. the court finds, that the legal title to the lands described in said mortgage is in the said defendant the Mo. River, Fort Scott & Gulf Railroad Co., and that there,is due said company as purchase-money on said land the sum of $36.30 with seven per cent. interest from July 16th 1874, which is a first lien on said land.

"And upon the issues submitted between the plaintiff and the defendant Abbie E. Ornn, the court, after hearing the evidence and argument of counsel, and being fully satisfied in the premises, upon request doth make the following special findings of fact:

"1st. That at the time of the execution of the note and mortgage stated in this case, the defendant Lewis Ornn owed the plaintiff about $4,000; that $2,500 of this sum was secured by a mortgage upon his mill at Cherokee, Crawford county, and the remaining $1,500 was secured by a deed conveying to the plaintiff certain property in the city of Chicago, Illinois, both of which last-mentioned securities were taken to secure indebtedness existing against Ornn prior to their being taken by plaintiff.

"2d. That this Chicago property was originally owned by one Walker, who sold it to one Watson, who sold it to defendant Lewis Ornn. The property was valued at about $4,000, and Watson executed to Walker a deed of trust for $2,000 of the purchase-money. This deed of trust was an existing lien on the property at the time it was conveyed by Watson to Lewis Ornn, and at the time he conveyed it to plaintiff, and which said existing lien Ornn agreed to pay off when due, and protect the second lien held by plaintiff of $1,500.

"3d. That after the Chicago property was conveyed to the plaintiff, $500 of the indebtedness upon said deed of trust became due and payable, and the plaintiff, upon the request of Lewis Ornn, and in order to protect its lien of $1,500 from being lost, paid it; and the note and mortgage in suit here were given for that $500, but were given before said payment was made; and that the plaintiff, after taking this note and mortgage, sent drafts to Chicago to make payment of said $500.

"4th. That the property described in the mortgage in suit here, at the time of the making of the note and mortgage, was the homestead of the defendants Lewis Ornn and his wife Abbie E. Ornn.

"5th. That the plaintiff is a National Bank.

"And as a conclusion of law, the court finds that this mortgage is valid under the National Banking Law."

Judgment was given foreclosing said mortgage, and for a sale of the mortgaged premises, the court ordering and directing that from the proceeds of sale there be paid, first, the costs of suit and sale; second, the amount due to the railroad company; and third, the amount due to the plaintiff. From this judgment *Ornn* and wife appeal, and bring the case here on error.

*McComas & McKeighan*, for plaintiffs in error, contended that there was no service on Lewis Ornn, and no appearance by him, and that therefore the judgment as to him was *coram non judice*, and void. Also, that the mortgage was given for debt concurrently contracted, and therefore void, as being prohibited by the act of congress.

The opinion of the court was delivered by

VALENTINE, J.: We would infer from the brief of counsel for plaintiffs in error that they probably do not think that there is very much in this case. They refer us to the record three times, but in no case do they give us the page. (Rule 2, 13 Kas. 5.) They refer us to the United States Statutes at Large; but they neither give us the volume nor the page. They also refer us to "*Kansas Valley Bank v. Rowell*, 2 Dil-

lon, page ——." This we have found, though the page is not given.

Their first claim is, that the court below erred in rendering a judgment against Lewis Ornn, because (as they claim) he was not served with summons, and made no appearance in the case. The record however shows otherwise. A part of one of the journal entries reads as follows: "Now at this day this cause coming on to be heard upon the amended petition and proofs of plaintiff, and it appearing that service of summons has been lawfully made upon each of the defendants herein, and the parties being represented by counsel," etc. And a part of another journal entry reads as follows: "The defendant Lewis Ornn not appearing, *but being in default*," etc. Now these are findings by the court below of service of summons, and will be considered as true unless contradicted by some other portion of the record. But no other portion of the record, as brought to this court, does contradict them. We do not know that we have the whole of the record. Indeed, the presumption is pretty strong from what we have, and from the certificates of the clerk, that we have not got the whole of it. The transcript filed with the petition in error contained only the pleadings and such of the proceedings as were had by and before the court below at its September term in 1874. Afterward, and at the instance of the plaintiff in error, a copy of a summons with the indorsements thereon, and a copy of the proof of a publication service were filed in this court. But there is still nothing to show that there was not some other summons in this case, some other publication service, or some appearance by the defendant Lewis Ornn at some previous term of the court. There is nothing in fact which shows how much of the record has not been brought to this court. There is nothing which shows upon what evidence the court below made said findings. Indeed, none of the evidence upon any subject seems to have been preserved, and consequently none of it has been brought to this court. We must therefore take the findings of the court below that there was service, and sufficient service, as

true. But even if the court below had made no findings upon the subject, still it would be presumed until the contrary were shown, that the judgment was rendered upon sufficient service. And the contrary could not well be shown by the record without the introduction of the whole of the record. A want of service on the defendant, or of appearance on his part, cannot be presumed merely because of the absence from the record of proof of the same, unless the whole of the record is introduced.

The plaintiffs in error also claim that the mortgage now sued on is void. They claim that it is void for the reason that it is a mortgage upon real estate given to secure a debt concurrently created. The facts affecting this question are substantially as follows: The bank is a National Bank. Lewis Ornn owed it a large sum of money. To partially secure the payment thereof he gave a mortgage to the bank on some property owned by him in Chicago, Illinois. There was a prior lien of $2,000 on said Chicago property which Lewis Ornn agreed to pay. Five hundred dollars of the same afterward became due, and the bank, in order to save and protect its own lien on said Chicago property, and at the request of said Lewis Ornn, paid said sum of $500, and then took the note and mortgage now sued on for that amount on property situated in Crawford county, Kansas. We think the mortgage is valid. The taking of the mortgage under such circumstances was not a violation of the National Banking Law. We think the bank had a right to get all the security it could for money which it necessarily had to pay out. And therefore we do not think that the mortgage is void.

The judgment of the court below is affirmed.

All the Justices concurring.