THE LIVERPOOL & LONDON & GLOBE INSURANCE
COMPANY v. M. E. HALL et al.

1. DEMURRER TO EVIDENCE, *When Overruled.* A demurrer to the evidence of the plaintiff should be overruled when the evidence fairly tends to prove the allegations of the petition.

2. INSURANCE POLICY — *Loss — Matter of Defense.* In an action to recover on a policy of fire insurance for a loss by fire, the failure on the part of the insured to comply with a demand, made in accordance with the conditions of the policy, by the insurer for an appraisement of the amount of loss, must be alleged and proved as a matter of defense.

3. DISAGREEMENT AS TO LOSS, *Insurer Must Allege and Prove.* Where the right to demand such appraisal exists only "in the event of disagreement as to the amount of loss," the insurer, relying for a defense to an action on the policy to recover for the loss, upon the failure of the insured to agree to an appraisement when one was demanded, must allege and prove that there was an actual disagreement as to the amount of the loss.

MEMORANDUM.—Error from Republic district court; F. W. STURGES, judge. Action by M. E. and I. B. Hall against the Liverpool & London & Globe Insurance Company. Judgment for plaintiffs, and defendant brings error. Affirmed. The opinion, filed July 6, 1895, states the nature of the action and the material facts.

*Quinton & Quinton,* for plaintiff in error.
*Noble & Hogin,* for defendants in error.

The opinion of the court was delivered by

GARVER, J. : We are met at the threshold of this case by the defendants in error objecting that the record is not in such condition that the court can consider the errors complained of. The first objection is that there is no petition in error which the court can recognize, and that what purports to be an amended

petition in error cannot cure defects in the first petition, because it was filed in the supreme court more than one year after the entering of the judgment sought to be reversed. The amendment to the original petition in error, being as to a mere matter of form, it was permissible at any time before the hearing. (*Cogshall v. Spurry*, 47 Kas. 448.) The objection to the manner in which exceptions were taken to the ruling of the court upon defendant's demurrer to the plaintiffs' evidence we will pass by, as the judgment must be affirmed upon another ground.

This was an action brought by the Halls upon a policy of insurance, issued by the defendant below, now plaintiff in error, insuring against loss or damage by fire on a stock of goods owned by them in Republic county. The petition contains the usual allegations of the execution of the policy of insurance, the loss by fire of the property insured, the compliance on the part of the insured with the conditions of the policy as to notice and proofs of loss, the amount of the loss, and the failure on the part of the insurance company to pay. The policy attached to and made a part of the petition contained the condition, "In the event of disagreement as to the amount of loss," the same should be ascertained by three appraisers, to be selected in the manner provided by the policy, and the award in writing of any two of the appraisers should determine the amount of the loss; that the company should not be held to have waived any condition of the policy by any proceeding on its part relating to appraisers; and that the loss should not become payable, nor suit be brought, until after the amount of loss had been determined by award of the appraisers, when appraisement had been required. The answer of the defendant consisted of a general

denial of the allegations of plaintiffs' petition, spe-
cially admitting the execution of the policy and the
fact of a loss by fire at the time alleged by plaintiffs,
and the further defense that the insurance company
served notice upon the insured of a demand for an
appraisement of the amount of the loss, in accordance
with the conditions of the policy, and that they re-
fused to select appraisers or to act with the company
in securing an appraisement.

The evidence introduced by the plaintiffs below
tended to prove all the material allegations of the
petition. It is contended by counsel for plaintiff in
error that the evidence proved more than this; that
it showed that they had refused the demand of the
insurance company to appraise the amount of the loss;
hence, as counsel says:

"Nothing was due on the policy sued upon, or be-
came due on the same, until after an award had been
made by the appraisers. If nothing was due at the
time of the commencement of this action, the action
was prematurely brought. The ascertainment of the
amount of loss by award was a condition precedent to
the claimant's right of action."

If counsels' position is correct, the demurrer to
plaintiffs' evidence should have been sustained. In
the view we take of the case it is unnecessary, at this
time, to decide whether or not the conditions of this
policy make an award of appraisers, when appraise-
ment is required, a condition precedent to a right of
action to recover for the loss. The weight of author-
ity, however, seems to be in favor of the validity of
such a condition; and to hold that arbitration of the
amount of loss is a right which either party may de-
mand of the other, and that when such demand is
made, in accordance with the terms of the policy, by
the insurer, no action can be maintained by the in-

sured to recover for the loss until such demand has been complied with and an appraisement made. ( *Wolff v. Liverpool & L. & G. Ins. Co.*, 50 N. J. L. 453 ; *Mentz v. Armenia Fire Ins. Co.*, 79 Pa. St. 481 ; *Delaware & Hudson Canal Co. v. Pa. Coal Co.*, 50 N. Y. 250 ; *Reed v. Washington Ins. Co.*, 138 Mass. 572 ; *Hall v. Norwalk Ins. Co.*, 57 Conn. 105 ; *Johnson v. American Ins. Co.*, 41 Minn. 396 ; *German American Ins. Co. v. Etherton*, 25 Neb. 505 ; *Hamilton v. Liverpool & L. & G. Ins. Co.*, 136 U. S. 242 ; *Ins. Co. v. Wilson*, 45 Kas. 250.)

It is not necessary, however, in order that the insured may maintain an action on such a policy, that he negative this condition, or prove a compliance with the same on his part. That is matter of defense. It should also appear that there was an admitted liability for something, and that there was an actual disagreement as to the amount of the loss. All liability under the policy cannot be denied, and, at the same time, a demand made to submit the amount of the loss to arbitration. Of cases above cited, see *Mentz v. Armenia Fire Ins. Co.*, *German American Ins. Co. v. Etherton*, *Wolff v. Liverpool & L. & G. Ins. Co.*; also, *Dyer v. Piscataqua F. & M. Ins. Co.*, 53 Me. 118 ; *Fogg v. Griffin*, 2 Allen, 1 ; *Williams v. Mechanics, etc., Ins. Co.*, 54 N. Y. 577.

The answer contained no allegation of dispute or disagreement as to the amount of loss ; hence, in this respect, it failed to state facts sufficient to constitute a defense on this ground. Neither does the evidence in the case fairly tend to show admission of liability or actual disagreement as to amount of loss. So far as the evidence indicates, little or no effort was made to agree upon the amount of loss, and no opportunity was afforded for an actual disagreement.

Again, the only testimony concerning a demand for an appraisement of the loss was brought out by evidence of a conversation which occurred, soon after the fire, between one of the plaintiffs and one Van Valkenburg, who was probably an adjusting agent for defendant. On cross-examination of M. E. Hall, one of the plaintiffs, counsel for the defendant identified a certain paper, purporting to be a demand for appraisement, which was handed to the witness by Van Valkenburg. It was addressed to the plaintiffs Hall, and signed, "M. W. Van Valkenburg," designating him as state agent for defendant. The court admitted the testimony of this conversation between the witness and Van Valkenburg, over the objection of counsel for defendant below, with the express statement at the time that such testimony was not competent, and would not be considered by the court, unless it was shown by competent testimony that Van Valkenburg was an agent such as he represented himself to be. The record does not show that any competent evidence of agency was introduced on the trial; nor is there anything tending to show that Van Valkenburg was authorized by the company to submit the question of amount of loss to arbitration. Under such circumstances, there was no competent evidence for the court to consider on the demurrer to the evidence tending to show a demand by the company for the appointment of appraisers.

Again, beyond the mere statement of the fact of the identification of the claimed written demand for appraisement, the only other reference in the record to such demand is that counsel for the defendant, on the cross-examination of the plaintiff, M. E. Hall, offered in evidence the paper purporting to be such written demand. The record is silent as to the ruling of the

court upon such offer. Neither does it appear that it was read or considered in evidence. When the court passed upon the demurrer to the evidence, it could very properly have ignored all the testimony offered or introduced pertaining to the appointment of appraisers, or, at least, would have committed no error in holding that such testimony was not sufficient to overthrow the *prima facie* case made by the plaintiffs. The demurrer to the evidence was properly overruled. The judgment will be affirmed.

All the Judges concurring.