THE LONG ISLAND INSURANCE COMPANY, OF BROOKLYN, N. Y., v. M. E. HALL et al.

No. 41.

1. FIRE INSURANCE—*Pleadings.* In an action to recover on a policy of fire insurance for a loss by fire, where the policy contains a condition that, in the event of disagreement as to the amount of loss, appraisers shall be selected to ascertain the same, it is not necessary, in order that the insured may maintain an action on such policy, that he negative this condition.

2. ——— *Case Followed.* The decision in the case of *L. and L. and G. Ins. Co. v. Hall,* 1 Kan. App. 18, followed.

3. INSTRUCTIONS—*Nature and Scope.* It is not sufficient that the instructions contain a correct statement of the law in the abstract; they should also be applicable to the issues in the case and the facts disclosed upon the trial.

MEMORANDUM.—Error from Republic district court; F. W. STURGES, judge. Action by M. E. and I. B. Hall, partners, as M. E. & I. B. Hall, against The Long Island Insurance Company, of Brooklyn, N. Y., to recover on a policy of fire insurance. Judgment for plaintiffs. Defendant brings the case to this court. Affirmed. The opinion herein, filed September 12, 1896, states the material facts.

*H. M. Jackson,* for plaintiff in error.

*Noble & Hogin,* for defendants in error.

The opinion of the court was delivered by

GILKESON, P. J.: On March 5, 1891, the defendants in error commenced their action in the district court of Republic county to recover of plaintiff in error the sum of $1,000 on a policy of insurance issued January 16, 1890, upon a loss by fire, alleged to have occurred on March 6, 1890. Trial was had before the court and a jury, a general verdict was returned by the jury, and judgment rendered thereon in favor of the plaintiffs below in the sum of $850 and costs. Motion for a new trial was filed and overruled, and defendant below brings the case here for review.

The petition in this case alleges the incorporation of the defendant, the issuance of the policy for the term of one year, the payment of the premium thereon to insure against the loss by fire, not to exceed the sum of $1,000, on a stock of general merchandise, and permission to carry other and additional insurance not to exceed the amount of $3,000 ; that at the date of the loss the policy was in full force and effect; that the loss occurred on the 6th of March, 1890 ; that the stock of merchandise insured was entirely destroyed by fire, except such things as are specifically mentioned ; that the stock of merchandise destroyed was worth at the time of the fire the sum of $4,447.50 ; that the actual loss to the plaintiffs by reason of the fire was $4,447.50. And it further alleges, that immediately after said loss plaintiffs duly notified the defendant, as required by the terms of said policy, and, subsequently to the making out of the said notice of loss, the said plaintiffs made out and transmitted to the defendant a verified statement and proof of loss, as required by the terms of said policy ; that afterward they notified the defendant that

they were ready to name one of the arbitrators and submit to arbitration, although there had been no dispute or disagreement as to the amount the plaintiffs ought to recover — the defendant denying all liability whatever; that they have performed all and singular the conditions and obligations of said policy, and still the defendant has not paid the said loss or any part thereof; that they have been at an actual loss of $4,447.50, and that the said defendant is by the terms and conditions of the said policy of insurance indebted to the plaintiffs in the sum of $1,000, and that the same is long past due and entirely unpaid, and that defendant entirely refuses to pay the same; that they have done and performed each and every condition of the said policy necessary to be done to entitle them to recover the above sum of money, and still the said defendant refuses to pay the said loss; that the defendant, well knowing that the said sum of money is still due and unpaid and that the plaintiffs are entitled to the same, still refuses to pay them. The original policy of insurance is attached to the petition as an exhibit, and is made a part thereof.

Against this petition the defendant filed its motion to make more definite and certain, which was by the court overruled, and it thereupon filed its answer containing, first, a general denial of each and every statement, averment and allegation in said petition contained, except such as were expressly admitted. For a second defense, it admitted its incorporation; the issuance of the policy sued upon; a permission to carry additional insurance as stated in the petition; that the policy was in full force on March 6, 1890; that the loss by fire occurred to said stock of goods so insured, but alleged that the value, extent, nature and amount of the loss were to the defendant unknown,

and the extent thereof as to value and kind was therefore denied ; that the loss occurred on March 4, 1890 ; that notice and proof of loss were served upon said defendant within the time required by the terms of the policy ; that the property was insured in the sum of $1,000.   It alleged that by the terms of the policy it was not to be liable to exceed three-fourths of its proportion of · all the insurance of the true value of the property insured ; that all of the insurance upon such property at the time of the loss was $4,000.

For a third defense, it alleged that the amount of loss and damage claimed by the plaintiffs at the time of the attempted adjustment of the loss in and by their said proof of loss was largely in excess of the true actual cash value of the property, and of the actual loss and damage by them sustained ; that at the time of making the said claim of value of said property and the proof of loss defendant demanded the appointment of appraisers and an umpire to determine the amount of said loss and damage, as provided by the terms of said policy, because the same was excessive, as aforesaid, and which demand was refused and denied by the plaintiffs ; that no arbitration was had of such loss, but that the said plaintiffs wholly refused and denied defendant the right to have an arbitration and award, and to have the damages sustained by said plaintiffs by reason of said fire, and for which the defendant was liable, ascertained and determined by said arbitrators and award ; that on or about the 23d of June, 1890, without any arbitration, award, or demand, and without the performance of the conditions of said policy on the part of the plaintiffs, they commenced suit in the district court of Republic county against defendant to recover the amount of insurance specified in and by said policy upon which summons

was issued; that defendant appeared and answered; that plaintiffs replied, and the cause remained pending in said court until the 19th of February, 1891, when the same was dismissed by the plaintiffs; that during all of said time the plaintiffs denied the right of defendant to have and demand or require an arbitration and appraisement of damages so sustained, and denied during all of said time the right of the defendant to have, name or designate an arbitrator or to demand or require the plaintiffs to submit to an arbitration of the said differences between the plaintiffs and defendant, but long after said February 19, 1891, and immediately before the commencement of this action, said plaintiffs notified defendant of their readiness to agree upon arbitrators to adjust and arbitrate said claim.

For a fourth defense the defendant says, that by the terms of said policy it is provided as follows: "No suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity until after full compliance by the insured with the foregoing requirements, nor unless commenced within 12 months next after the fire"; and defendant alleges and charges the fact to be that said action was not commenced within 12 months next after the fire, and that by the said terms of said policy plaintiffs are barred from prosecuting said action any further and from any recovery therein.

For a fifth defense, defendant alleges and charges the fact to be that said petition does not state facts sufficient to constitute a cause of action in favor of the plaintiff and against defendant.

To this answer plaintiff filed a reply, consisting of (1) a general denial; (2) a special denial that the action was not commenced within one year from and

after the alleged fire and loss; (3) a denial that de-
fendant ever made a demand for arbitration; (4) a
denial that there was ever any disagreement as to the
amount of plaintiffs' recovery, but claiming that the
defendant denied all liability whatever under the
policy; (5) an allegation that the plaintiffs duly noti-
fied the defendant that they were ready to name one
of the arbitrators; that defendant refused to name
one or submit to arbitration, and specially denying
that the defendant was ever entitled to arbitration,
and that any dispute arose as to the amount of re-
covery.

Upon the trial of the cause, it was admitted that
the proofs of loss and certificate were sworn to April
10, 1890, and that about April 10, 1890, they were
forwarded to the defendant and received in due course
of mail; that the plaintiffs, on June 23, 1890, com-
menced an action against the defendant, as set forth
in defendant's answer; that it remained pending in
the court until February 19, 1891, when the same was
dismissed without prejudice to a future action.   It
was also admitted that at the time of the fire by
which the stock of goods was injured there were three
policies of insurance upon the said stock in favor of
the plaintiffs in the aggregate amount of $4,000;
that the policy sued on in this action was one of the
three, and that there was a "three-fourths" clause
in each of said policies.

. The defendant filed its motion to make the petition
more definite and certain in this, to wit:  (1) To state
*when* the plaintiffs notified the defendant that they
were ready to name one of the arbitrators and submit
to arbitration; (2) to state what facts are relied upon
as amounting to a denial of liability on the part of the
defendant, or what the defendant or its agents said

which is claimed to have amounted to a denial of liability. We think these objections are extremely technical and untenable, and are at a loss to know how the charge could be more precise or the defendant be more fully informed as to its nature if the date requested in the first ground had been inserted. If the date ever became material, it could only be so as a matter of defense. The same may be said of the second ground of the motion, and, in addition, we think the denial of liability is sufficiently stated. The allegations of the petition are that the amount "is long past due and entirely unpaid, and defendant refuses to pay the same"; and again:

"That they have done and performed each and every condition of the said policy necessary to be done to entitle them to recover the above sum of money, and still the defendant refuses to pay the said loss; that the defendant, well knowing the said sum of money is still due and unpaid and that the plaintiffs are entitled to the same, still refuses to pay the said sum of money."

If, as the plaintiff in error argues, "under this contract it was important to know when the notice and when the proof of loss and when the consent to name arbitrators were given, as requested by the first paragraph of the motion to make more definite and certain, and, if until the time of the performance of such acts was stated in the petition the defendant could not know nor could the court be advised as to whether a cause of action had accrued," we can only say that the question as to when the notice and proof of loss were made is not raised by the motion, and that if the date of consent to name arbitrators and submit to arbitration was such an important fact that by the omission thereof the petition failed to state facts sufficient to constitute a cause of action, it should have been

raised by demurrer and not by a motion to make more definite and certain. It will be observed in this case that the defendant in its answer (by way of demurrer) alleged that the petition did not state facts sufficient to constitute a cause of action, but evidently abandoned it, since it was never passed upon by the court nor mentioned by the defendant in its assignments of error. As we have said, if it ever became material it could only be as a matter of defense to be alleged and proved, and this is exactly what the defendant did do as to the time of serving the notice of consenting to arbitration, and it further admitted by its answer and otherwise that the notice of loss and proof of loss were made within the time required by the terms of the policy.

This brings us to the second error complained of — admitting evidence under the petition over the objection of the defendant. This is but the presentation of the grounds of a demurrer in a different form and at a subsequent time, and the rule of construction is not as strict under the latter as under the former; when the latter is interposed the pleadings are all filed and the issues made up, and to support the judgment of the trial court all the pleadings are taken and construed together, so that defects originally existing in the petition may be cured by the answer, if it supplies them. The defendant contends, and this is its only contention, that it did not appear from the petition that any cause of action had accrued.

The petition alleges that the fire occured on the 6th day of March, 1890. The answer alleges that it occurred on the 4th day of March, 1890. The 60 days, then, in which proof of loss and notice should be served would have expired on May 5, 1890, and 60 days from that date would have been July 5, 1890, when,

under the terms of the policy, the insurance would have been payable. The answer further alleges, "that a former suit upon this policy had been commenced and remained pending in the district court of Republic county until February 19, 1891, when it was dismissed," and "that long after said 19th day of February, A. D. 1891, and immediately before the commencement of this action," etc. So that by the pleadings it is shown that this action was not commenced until after February 19, 1891, more than seven months after the notice and proof were received, even if they were not received until the very last day allowed by the terms of the policy.

The third assignment of error is that the court erred in overruling defendant's demurrer to the evidence. The policy provides that, in the event of disagreement as to the amount of loss, the same shall be ascertained by three appraisers, to be selected as provided for in the policy, and that the award in writing of any two shall determine the amount of loss. The right of arbitration then depends upon and can only be demanded after a disagreement between the parties as to the amount of loss. The weight of authority seems to be in favor of the validity of such a condition, and to hold that arbitration of the amount of loss is a right which either party may demand of the other, and that, when such demand is made in accordance with the terms of the policy by the insurer, no action can be maintained by the insured to recover for the loss until such demand has been complied with and an appraisement made. It is not necessary, however, in order that the insured may maintain an action on the policy, that he negative this condition or prove a compliance with the same on his part. That is a matter of defense. (*L. and L. and G. Ins. Co.*

*v. Hall*, 1 Kan. App. 18.)   We think the evidence introduced by the plaintiff below tended to establish all the material allegations of the petition.

The fourth specification of error is the refusal of the court to instruct the jury that upon the pleadings and evidence the plaintiffs could not recover, and to return a general verdict in favor of the defendant.   This instruction raises the same question that was raised by the demurrer to the evidence, but in a more extended form, as it now goes to the extent of attacking the sufficiency of all the evidence introduced at the trial, and is argued in the brief in connection and as a part thereof.

We agree with plaintiff in error in its contention that the evidence shows that the notice or offer to submit to arbitration was not received by the adjuster until the 5th of March, 1891, the day the suit was commenced, but the paper itself shows that the offer was made February 25, 1891, and it is admitted that it might have been in the adjuster's home or place of business some days before it actually came into his possession, owing to his absence.   The notice also requires immediate notice of acceptance or intention of naming an arbitrator, but a reasonable time to act under it would be given ; but it is nowhere shown that it ever accepted the proposition, or attempted to appoint an arbitrator, or that the plaintiffs below have ever withdrawn the offer to arbitrate.   It is not claimed that it was prevented by any act of the plaintiffs from having an arbitration, nor has it asked that the suit should be abated until arbitration could be had ; but, on the other hand, it is shown that the plaintiffs waited from February 25 to March 5 for an answer before commencing their action, and, under the terms of the policy, that was the last day given

them in which to commence suit. The claim, under these circumstances, that the plaintiffs must wait, or could not commence their action until the company expressly refused to arbitrate, or until a sufficient length of time had elapsed from which a refusal would in law have been implied, has no foundation in law, equity, or reason. The defendant could have very easily placed itself in a position to have had the benefit of an arbitration, if desired. No steps were taken on the part of the defendant with reference to this action until the 13th of April, when it filed a motion, and from that time until the 16th day of May it took no other steps, when it filed its answer. We think that common justice requires us to hold that the mere fact that the adjuster did not receive this notice until the day the suit was commenced does not operate as a bar to the action, but, if it did, the filing of the answer and going to trial without demanding the right to arbitrate under this notice amounts to a waiver.

It is contended that the court erred in refusing the following instructions:

"2. It is not the agreement of the defendant, as stated in said policy, to pay the cash value of the property described in said policy of insurance as having been insured, or what may be proved in this court to have been the value thereof; but it is expressly agreed that the defendant shall not be liable beyond the actual cash value of the property at the time the loss or damage occurred; and, also, if the plaintiffs and defendant differ as to the amount thereof, that the loss or damage shall be ascertained by appraisers, one to be appointed by the plaintiffs and one by the defendant company, and the two so chosen shall select a competent, disinterested umpire, and that such two appraisers shall estimate and appraise the loss, and, failing to agree, shall submit their difference to the umpire; and the award, in writing, of any two

shall determine the amount of loss; and if the jury believe from the evidence that there was a difference between the plaintiffs and defendant, jointly with two other companies having policies upon said stock of goods, as to the amount of the loss sustained by the plaintiffs by such fire, under the terms of said policy, the plaintiffs cannot recover until an award in writing shall have been made by two of said appraisers, or one of the appraisers and the umpire selected.

"3. The parties having agreed to such method of determining the cash value of the property, or the amount of loss or damage insured against by said policy, cannot now substitute other form of evidence; and if the jury believe a difference existed, and defendant, by its agent and adjuster, demanded an appraisal of said property, and no such appraisal was made, then the jury must return a verdict for the defendant. The plaintiffs cannot recover in this action when a difference arose between them and the defendant as to the amount of the plaintiffs' loss, and an appraisement was demanded, except such appraisement shall have been first made, and then only upon the award of the appraisers and umpire so selected, and for an amount which they may have found to be the cash value of the goods insured in said policy and destroyed by fire."

"5. If the jury believe from the evidence in this case that, on or about April 21, 1890, the defendant demanded an appraisement of the loss and damage claimed in the petition, and that, without any appraisement, arbitration, or award, the plaintiffs, on or about June 12, 1890, commenced suit against the defendant to recover the same, and the same remained pending in said court until on or about February 19, 1891, when the same was dismissed, and thereafter plaintiffs demanded an appraisement and award, which was received by defendant's agent between February 19 and March 5, 1891, then the plaintiffs cannot recover in this action, and your verdict should be for the defendant."

In *L. and L. and G. Ins. Co. v. Hall*, 1 Kan. App. 18, it was held by the court:

"It should also appear that there was an admitted liability for something, and that there was an actual disagreement as to the amount of the loss. All liability under the policy cannot be denied, and at the same time a demand made to submit the amount of the loss to arbitration."

The remarks of GARVER, J., in applying the rule in that case are particularly applicable in this. The answer there contained no allegation of dispute or disagreement as to the amount of loss, nor does the evidence in this case, fairly tried, show admission of liability or actual disagreement as to amount of loss. So far as the evidence indicates, little or no effort was made to agree upon the amount of loss, and no opportunity was offered for an actual disagreement. While it might be conceded that the second and third instructions are correct statements of the law in the abstract, yet that is not sufficient to compel the trial court to give them, nor would the refusal be error.

"Instructions given by a trial court should be applicable to the issues in the case and the facts disclosed upon the trial" (*Lorie v. Adams*, 51 Kan. 692) ; and where an instruction is not based upon or applicable to the facts in the case, even though it correctly states the rule of law, it is not error to refuse it, (*City of Kinsley v. Morse*, 40 Kan. 577), and such an instruction ought not to be given. (*The State v. Lindgrove*, 1 Kan. App. 51.)

We cannot agree with counsel that the fifth instruction asked correctly states the law. It totally ignores the existence of any disagreement or difference as to the amount of loss between the parties, without which no right to demand appraisement or

arbitration could exist, but instructs the jury that an arbitrary demand by the defendant company is all that is necessary, and that if the plaintiffs, without complying therewith, should bring an action, and afterward dismiss it, the first action would be a complete bar to any future action.

In passing, we might say as to the instructions given, that they are not as full and comprehensive as they should have been; but from a careful examination of the record in this case we think the verdict of the jury is clearly warranted by the evidence, and we do not feel justified in interfering with the judgment on the grounds of the instructions alone.

The judgment of the court below will be affirmed.

All the Judges concurring.