[No. 2378.   Decided December 18, 1896.]

CLARKE T. DAVIS, *Respondent*, v. ATLAS ASSURANCE
COMPANY, *Appellant*.

INSURANCE — CONDITIONS OF POLICY—WAIVER—APPRAISEMENT OF LOSS
—ACTION ON POLICY—PLEADING—ATTACKING VALIDITY OF AWARD.

Although a policy of fire insurance may contain provisions re-
quiring the company in case of loss to pay only such sum as the
parties may agree upon, and, in case of disagreement, that the loss
be fixed by appraisement, it is not essential that the complaint in
an action on the policy should affirmatively show that no demand
has been made by the company for arbitration and appraisement,
but the insured's refusal to arbitrate is a matter of defense.

The validity of an award adjusting the loss under the terms of a
policy of insurance may be assailed in an action on the policy, and
it is not necessary that the award should be first set aside in a com-
petent court.

Where an attempted arbitration and award entered into between
the insurer and insured as required by the terms of an insurance
policy, in case of loss, is defective, and through the fault of the in-
surer there is a failure to enter upon a new arbitration, the insured
has a right to maintain an action for the recovery of whatever dam-
age he has sustained by loss or injury to the property covered by
the policy.

Where an insurance company, for the purpose of adjusting a loss,
enters into an agreement for submission to arbitration and appraise-
ment, which is in terms materially different from that provided for
by the policy, the company waives the right to demand a new ap-
praisement pursuant to the terms of the policy.

Appeal from Superior Court, Pierce County.—Hon.
JOHN C. STALLCUP, Judge.   Affirmed.

*Stratton, Lewis & Gilman,* for appellant.

*Stanton Warburton,* and *G. C. Britton,* for respon-
dent.

The opinion of the court was delivered by

GORDON, J.—This was an action upon a policy of
insurance issued by appellant insuring respondent

against loss or damage by fire upon certain laundry machinery and fixtures. The complaint alleges the issuance of the policy, the destruction by fire of the property insured, the furnishing of proofs of loss and non-payment on the part of the company. The answer admits the making of the policy and the fire, denies the amount of damage claimed, and sets up affirmatively that there was a submission to arbitration and an award made, under the terms of which the sum of $1,900 was found to be the loss sustained by plaintiff, and that this amount the appellant stood ready at all times to pay. The reply admits the submission to appraisers, substantially as alleged in the answer, but urges that the award was invalid on account of the fraudulent conduct of the companies in selecting an appraiser and fraudulent conduct of the appraiser selected by the companies in making the appraisement, and that the agreement of submission was not within the agreement and the terms of the policy. The trial which followed resulted in a verdict and judgment for the plaintiff, and the defendant has appealed.

1. The first contention is that the court erred in overruling a demurrer to the complaint. The ground upon which this objection proceeds is that the complaint does not anywhere show that the insured and the company had reached an adjustment regarding the amount of the loss, or that there had been an appraisement thereof as provided by the terms of the policy. And it is argued in support of the demurrer that the contract of insurance arising upon a policy containing the terms and conditions included in the policy in question is not an agreement on the part of the insurance company to pay any fixed sum, but merely to pay such sum as may be found to be due

the insured by an adjustment between the company and the insured, or determined by appraisement in the method pointed out by the policy. In other words, that the contract of insurance requires the company "to pay only such sum as the insured and insurer may agree to be the loss, or if they cannot agree, then that the loss be fixed by the appraisement." We think that the provisions of the policy in reference to arbitration and appraisement do not require an award of appraisers as a condition precedent to a right of action on the policy, but when a demand has been made by the company for arbitration pursuant to those provisions, the insured's refusal to arbitrate may be pleaded as a bar to a recovery. It is not essential that the complaint should affirmatively show that no such demand had been made. While a diversity of opinion exists upon this question, we think that the weight of authority in code states sustains this view. *Randall v. Phœnix Ins. Co.*, 10 Mont. 362 (25 Pac. 960); *Liverpool, etc., Ins. Co. v. Hall*, 1 Kan. App. 18 (41 Pac. 65); *Nurney v. Fireman's Fund Ins. Co.*, 63 Mich. 633 (30 N. W. 350, 6 Am. St. Rep. 338); *Phœnix Ins. Co. v. Badger*, 53 Wis. 283 (10 N. W. 504); *Wright v. Susquehanna Ins. Co.*, 110 Pa. St. 29 (20 Atl. 716); *Wallace v. German-American Ins. Co.*, 4 McCrary, 123 (41 Fed. 742); *Kahnweiler v. Phenix Ins. Co.*, 67 Fed. 483.

2. It is next contended that the court erred in overruling the objection of the defendant to the introduction of any evidence and denying defendant's motion for a judgment upon the pleadings. This contention is that, inasmuch as the pleadings disclose that an award had been made, such award was binding and conclusive on the parties until it was set aside by a competent court. We cannot agree with the claim of appellant that the pleadings show that an award was

reached, notwithstanding it appears that arbitration was attempted and failed. However, we think that it was competent for the plaintiff in his reply to assail the award, to show wherein it was of no effect or validity, and thus settle in one action all the differences existing between the parties growing out of the contract of insurance. In *Sanford v. Royal Ins. Co.*, 11 Wash. 653 (40 Pac. 609), this court had occasion to fully examine that question, and, upon the authority of that case, we think that defendant's motion for judgment upon the pleadings was properly denied.

3. The sufficiency of the evidence to entitle the plaintiff to recover upon the issue submitted to the jury is also made a ground of contention. In substance the record shows that the insurance companies having the insurance upon the property in question attempted, through their adjusters, to agree with respondent upon the amount of loss sustained by him, and, being unable to agree, an appraisement was demanded by them. Respondent acquiesced in this demand and appointed one Confare as his appraiser, and the companies selected one George Costen as their appraiser. Thereupon the plaintiff furnished these appraisers with a list of the property upon which he claimed to have sustained loss. Thereafter, being unable to agree upon some of the items, the appraisers agreed upon one Jager as umpire. The agreement for arbitration was contained in a printed blank furnished by the adjuster of the appellant. This blank contained provisions which were at variance, and not in accordance, with the terms of the policies. Each appraiser kept a separate list of the items and the amount of the loss. In the main they were able to agree upon the items without appealing to the umpire. The items of losses so kept by the appraisers were

upon loose pieces of paper. They concluded their ap-
praisement late in the evening and thereupon the ap-
praiser for the insured signed an award in blank,
agreeing that the company's appraiser should foot up
the items and insert the amount thereof in the blank
left for that purpose in "the award." There was
some dispute as to whether, at the time Confare
actually signed the so-called award, the blank had
been filled, but we deem it immaterial in view of the
other facts herein referred to. Afterwards the com-
panies' appraiser, Costen, discovered that a mistake
had been made in his footings, and that, instead of
the items of loss aggregating $1,900, they somewhat
exceeded $2,300. Thereupon he sought out Confare
and proposed to correct the award by signing a state-
ment to the effect that the sum of $1,900 inserted
therein was a mistake, but Confare refused to have
anything more to do with the matter. The so-called
award was given to the companies' adjuster, who
thereafter delivered the same to the respondent upon
request, and upon respondent's promise to return it.
It further appears that respondent disregarded his
promise and retained the same. Appellant claims
that it appears from certain correspondence between
counsel for the respective parties that the appellant
had offered to submit to a new appraisement, if for
any reason it should be found that the award of
$1,900 was invalid, and that the court erred in sub-
mitting to the jury the question of whose fault it was
that a new appraisement was not had. But the cor-
respondence referred to must be interpreted in the
light of the fact that the company was bound to know
what its appraiser knew, namely, that the sum of
$1,900 specified in the so-called award was erroneous
and had not in fact been agreed upon as the amount

of the loss, and that no award had in fact been made.
It also should have been known that the agreement
for submission was not in accordance with the terms
of the policies, inasmuch as the blank form for sub-
mission was furnished by its appraiser. Besides, it
was conceded by counsel for the appellant, upon the
trial below, that the terms of submission to appraise-
ment were not in accordance with the terms of the
policy, and that " by mutual mistake of the appraisers,
the amount of the award was not as it had been
agreed upon between them." Under these circum-
stances we think the court did not err in giving the
the following instruction, which is complained of :

"Touching this defense you are instructed, that the
arbitration award for nineteen hundred dollars was
ineffectual to bind the parties because of the admitted
fact that the wrong amount was stated therein; and
the arbitrators failing thereafter to make any award,
and the parties never having proceeded to a new ar-
bitration, the question here for your determination is
as to whose fault was it that no new arbitration was
entered upon. If it was by fault of the plaintiff, then
he is without right to maintain this action here; but
if it was by fault of the defendant company, then the
plaintiff may rightfully maintain his action.

" When the plaintiff and defendant company ascer-
tained and knew that the award made by the arbitra-
tors selected was ineffectual, and that no agreement
could be reached by them, it was the duty of the de-
fendant as well as the plaintiff to disclaim right there-
nnder and proffer readiness to proceed with a new
arbitration. If you find from the evidence that the
defendant company insisted on holding plaintiff to
the terms of the award, after knowing the said fact of
a wrong amount therein, and did not disclaim right
to hold plaintiff thereto, then the plaintiff had a right
to commence and maintain this his action in the court
here for the recovery of whatever damage he had sus-

tained by loss or injury to the property described in the policy; but if you find that the defendant company is clear of fault in this respect, then the plaintiff is without right to maintain this action, and your verdict will be for the defendant company."

From the verdict arrived at we are bound to presume that the jury found that it was the fault of the company that no new arbitration was entered upon, and we are unable to say that such finding is not without sufficient evidence to support it.

4. Instructions Nos. 4, 5, 6, 7, 8 and 11 requested by appellant were properly refused, because the condition of the record did not justify their submission. Nor did the court err in refusing to give instructions Nos. 13 and 14 requested by the defendant. This leads to an affirmance of the judgment. But there is another reason why the judgment should be affirmed. The agreement for submission, being in terms materially different from that provided by the policy, constituted a waiver of the right to demand a new appraisement pursuant to the terms of the policy.

"When defendant elected to take an appraisement which was not such as its policy gave it a right to demand and insist upon, it waived whatever right it might otherwise have had to insist upon the appraisement provided for in the policies." *Harrison v. German-American Fire Ins. Co.*, 67 Fed. 577; *Mutual Fire Ins. Co. v. Alvord*, 61 Fed. 752; *Adams v. N. Y. Bowery Ins Co.*, 85 Iowa, 6 (51 N. W. 1149).

In the case last cited, the supreme court of Iowa say:

"By entering into an agreement of submission not in accord with the provisions of the policy, and standing on the validity of an award made under such submission, the defendant must be held to have waived the right (if it had any) to insist that an award must

be made in accordance with the terms of the policy before suit could be commenced thereon."

Affirmed.

DUNBAR and SCOTT, JJ., concur.

### ON PETITION FOR RE-HEARING.

GORDON, J.—Counsel for the appellant in the above cases, which were tried together in the lower court, and which involve substantially the same questions, have filed elaborate petitions for re-hearing, which we have carefully considered, and in denying them deem it sufficient to notice only the following points, which are most strenuously urged:

1. It is insisted that the lower court erred in submitting to the jury the "question as to whose fault it was that no new arbitration was entered upon." It is urged that the evidence fully established that the company offered to re-submit and that the offer was ignored by the respondent. In the opinion heretofore filed we said:

" From the verdict arrived at we are bound to presume that the jury found that it was the fault of the company that no new arbitration was entered upon, and we are unable to say that such finding is not without sufficient evidence to support it."

In the petition counsel very earnestly requests the court to point out where the evidence to support this finding can be found. We supposed our meaning was made clear in the opinion filed. As noticed therein, there was considerable correspondence between counsel representing the insurance companies and the respondent and his counsel, prior to the institution of these actions. Respondent's proofs of loss were rejected by the companies for the reason that they were "not in accordance with the award of the appraiser."

The companies also took the position that a valid award had been made, and further stated that, "Of course this award must control if valid, and we know of nothing tending to invalidate it. . . . We know of no reason why the parties to the submission agreement should not abide by the award." In this connection we stated in the opinion:

"But the correspondence referred to must be interpreted in the light of the fact that the company was bound to know what its appraiser knew, namely, that the sum of $1,900 specified in the so-called award was erroneous, and had not in fact been agreed upon as the amount of the loss, and that no award had in fact been made. It also should have known that the agreement for submission was not in accordance with the terms of the policies, inasmuch as the blank form for submission was furnished by its appraiser. Besides, it was conceded by counsel for the appellant upon the trial below that the terms of submission to appraisement were not in accordance with the terms of the policy."

With knowledge (presumptively) of the facts which rendered this so-called award invalid and ineffectual, the companies, nevertheless, professed to believe it was valid and binding. They were as much bound to know it was invalid as the respondent was to point out to them why it was so. In this condition of the record we were constrained to hold that there was sufficient evidence to support the finding of the jury that "it was the fault of the companies that no new arbitration was entered upon."

One other point remains to be noticed. It is urged that the court erred in refusing to instruct the jury upon the issue of fraud. It is also insisted that there was no evidence of fraud, and that the court should have withdrawn all questions of fraud from the con-

sideration of the jury. We think, upon examination of the record, that that is what the court in effect did by the instruction which is set out in the opinion. In that instruction the jury were expressly told that "the question here for your determination is as to whose fault was it that no new arbitration was entered upon," and the verdict of the jury was made to depend upon that question. The jury were further told:

"If you find that the defendant company *is clear of fault in this respect*, then the plaintiff *is without right to maintain this action*, and your verdict will be *for the defendant company*."

In the light of this instruction, it seems clear to us that the jury could not have been misled and that no prejudice resulted to the appellants growing out of the court's failure to give the instructions which were requested by them upon this subject.

After re-examination of the entire record, we adhere to the conclusion heretofore announced, and the petitions for re-hearing must be denied.

SCOTT C. J., and DUNBAR, J., concur.