# AMERICAN INS. CO. OF NEWARK, N. J., v. RODEN-HOUSE.

No. 1809.    Opinion Filed November 26, 1912.

(128 Pac. 502.)

1.    INSURANCE — Actions on Policy — Conditions Precedent.    The provisions of an insurance policy that the ascertainment or estimate of loss shall be made by the insured and the company, or, if they differ, then by appraisers, "and the amount of loss or damage having been thus determined, the sum for which this company is liable pursuant to this policy shall be payable sixty days after due notice, ascertainment, estimate and satisfactory proof of the loss has been received by this company, in accordance with the terms of this policy.  *  .*  *  In the event of disagreement as to the amount of loss, the same shall, as above provided, be ascertained by two competent and disinterested appraisers, the insured and this company each selecting one, and the two so chosen shall first select a competent and disinterested umpire.    The appraisers together shall then estimate and appraise the loss, stating separately sound value and damage, and failing to agree shall submit their differences to the umpire; and the award in writing of any two shall determine the amount of such loss.    The parties thereto shall pay the appraisers respectively selected by them, and shall bear equally the expenses of the appraisal and umpire.    This company shall not be held to have waived any provision or condition of this policy, or any forfeiture thereof, by any requirement, act, or proceeding on its part relating to the appraisal or to any examination herein provided for; and the loss shall not become payable until sixty days after the notice, ascertainment, estimate and satisfactory proof of the loss herein required have been received by this company, including an award by appraisers when appraisal has been required"—do not make it a condition precedent to bringing suit on a policy that the insured shall procure an award, or make a demand upon the insurer to have the property appraised.

2.    SAME—Amount of Liability—Appraisal.    Under such a provision in the policy, it is the duty of the party desiring an appraisal to make a demand upon the other party to join in having the property appraised.

3.    PLEADING—Waiver of Errors—Pleading Over.    The petition, in an action on an insurance policy, failed to show that the plaintiff had performed the conditions precedent to an action on the policy. The defendant filed a demurrer, which was overruled.    The defendant then filed an answer, which alleged that the plaintiff had failed to comply with certain provisions of the policy, which were set out specifically in the answer.    Held, that by pleading over and undertaking to point out the conditions with which the

plaintiff had failed to comply, and the manner of their breach, the defendant waived the grounds of its demurrer.

4.      SAME—Reply—Departure. Where, in an action on an insurance policy, the answer alleged that the insured had fraudulently misrepresented, in her proof of loss, the value of the property destroyed, this allegation was sufficiently put in issue by a general denial; and a further allegation in the reply that after the loss defendant offered to pay the policy in full if plaintiff would surrender · another policy which she held in a different company, and that it did not return to her the proof of loss she had made, or ask for any additional proof, or claim that the proof furnished was false and fraudulent, and that it had thereby waived all the conditions of the policy, and was estopped to rely upon them, or any part of them, was surplusage, and did not constitute a material departure from the issues as raised by the petition and answer. (Syllabus by Rosser, C.)

*Error from District Court, Carter County;*
*S. H. Russell, Judge.*

Action by Mrs. L. M. Rodenhouse against the American Insurance Company of Newark, N. J. Judgment for plaintiff, and defendant brings error. Affirmed.

*Burwell, Crockett & Johnson,* for plaintiff in error.

*Cruce, Cruce & Blakemore,* for defendant in error.

Opinion by ROSSER, C. This was an action on a policy of fire insurance. There was a judgment for plaintiff, and defendant has appealed.

The first proposition argued by the defendant is that the plaintiff could not recover, because the evidence showed that there was a disagreement as to the amount of the loss, and that before the plaintiff could sue she must have demanded an appraisal of the property. He relies on the following provisions of the policy.

"This company shall not be liable beyond the actual cash value of the property at the time any loss or damage occurs, and the loss or damage shall be ascertained or estimated according to such actual cash value, with proper deduction for depreciation however, caused, and · shall in no event exceed what it would then cost the insured to repair or replace the same with material of like kind and quality. Said ascertainment or estimate shall be made by the insured and this company, or, if they differ, then by appraisers, as hereinafter provided, and the amount of loss or damage having been thus determined, the sum for which this

company is liable pursuant to this policy shall be payable sixty days after due notice, ascertainment, estimate and satisfactory proof of loss have been received by this company in accordance with the terms of this policy. It shall be optional, however, with this company to take all, or any part, of the articles at such ascertained or appraised value, and also to repair, rebuild, or replace the property lost or damaged with other of like kind and quality within a reasonable time on giving notice, within thirty days after the receipt of the proof herein required, of its intention so to do; but there can be no abandonment to this company of the property described. * * *

"In the event of disagreement as to the amount of loss, the same shall, as above provided, be ascertained by two competent and disinterested appraisers, the insured and this company each selecting one, and the two so chosen shall first select a competent and disinterested umpire. The appraisers together shall then estimate and appraise the loss, stating separately sound value and damage, and failing to agree shall submit their differences to the umpire; and the award in writing of any two shall determine the amount of such loss. The parties thereto shall pay the appraisers respectively selected by them, and shall bear equally the expenses of the appraisal and umpire.

"This company shall not be held to have waived any provisions or condition of this policy, or any forfeiture thereof, by any requirement, act, or proceeding on its part relating to the appraisal or to any examination herein provided for; and the loss shall not become payable until sixty days after the notice, ascertainment, estimate and satisfactory proof of the loss herein required have been received by this company, including an award, by appraisers when appraisal has been required. * * *

"No suit or action on this policy, for the recovery of any claim, shall be sustainable in any court of law or equity until after full compliance by the insured with all the foregoing requirements, nor unless commenced within twelve months next after the fire."

Provisions for appraisement have been uniformly upheld by the courts, where the agreement for appraisal only required that the amount or extent of the loss should be passed upon by the appraisers, though it is generally held that agreements to submit the question of liability to arbitration will not be sustained. The provision of the contract involved here only requires the extent of the loss to be submitted. The only question here, then, is

whether the insured was required to demand an appraisal before bringing suit.

In the case of *McNally v. Phoenix Ins. Co.*, 137 N. Y. 389, 33 N. E. 475, the court, speaking by O'Brien, J., said:

"Two other grounds specified in the motion for a nonsuit may be considered together. Both are based upon the proofs of loss and matters occurring after the fire, and here it may be proper to note a manifest distinction to be observed in giving construction to the two classes of conditions to be found in a policy of insurance. Those conditions which operate upon the parties and the contract prior to the loss, such as the condition and situation of the property and the relations of the insured to it, and all statements and representations preceding the contract, are matters of substance, upon which the liability of the insured depends. Such stipulations are important, as their general object is to define and determine the limit of the risk assumed and to point out the conditions and circumstances under which the insurer has agreed to become liable in case of loss. Those conditions are to receive a fair construction, according to the intention of the parties. These conditions which relate to matters after the loss have, for their general object, to define the mode in which an accrued loss is to be established, adjusted, and recovered after the reciprocal rights and liabilities of the parties have become fixed by the terms of the contract, and are to receive a more liberal construction in favor of the insured. In determining the liability of the defendant, it is entitled to the benefit of its contract fairly construed, and can stand upon all of its stipulations. But when its liability has become fixed by the capital fact of a loss, within the range of the responsibility assumed in the contract, courts are reluctant to deprive the insured of the benefit of that liability by any narrow or technical construction of the conditions and stipulations which prescribe the formal requisites by means of which this accrued right is to be made available for his indemnification."

The provision for appraisers is that the insured and the company shall each select an appraiser, and that they shall select an umpire. Now, what is there in the provisions of the policy which puts the burden of demanding the appraisement upon the insured? For whose benefit was the provision with reference to appraisement inserted in the policy? Undoubtedly it was written into the policy for the benefit of the company. In order to secure

an appraisement, it was necessary for the company to appoint an appraiser. The insured could not have an appraisement, unless the company acted with her in the matter of appointing an appraiser. What reason is there for saying that when the loss occurred it was not as much the duty of the company as of the insured to request the action necessary to settle the loss? The company had insured the property and collected the premium. It should have been ready in its part to take whatever steps were necessary to settle the loss. The contracts, as quoted from, provided for appraisement where there was a disagreement. It then provided the loss should not be payable until sixty days after proof of loss should have been received by the company, "including an award by appraisers when appraisal has been required."

What is meant by "has been required?" If it was intended to mean "including an award by appraisers when there has been a disagreement as to value," it would have been easy to say so, and the contract would have been free from ambiguity. "Has been required" is not free from ambiguity. It seems to indicate the policy does not automatically create a necessity for appraisers where there has been a disagreement, but that some one must demand it. Webster's International Dictionary gives the following definitions of "require:"

"To demand; to insist upon having; to claim as by right and authority; to exact; as, to require the surrender of property. 2. To demand or exact as indispensable; to need. 3. To ask as a favor, to request."

And gives as synonyms:

"To claim; to exact; to enjoin; prescribe; direct; order; demand; need."

The primary meaning of "require" seems to be more than the existence of some fact which makes a thing necessary. It seems to mean primarily that a request or demand is an element of the necessity. The view that the term is used in this sense in the clause under consideration is strengthened by a consideration of the whole phrase, "when appraisal has been required." "Has been required" means a past and completed act. If the intention had been to make the appraisement a condition preced-

ent to bringing suit, the necessity for appraisement would have been a continuing one, and would have been better expressed by the words, "when appraisal is required." In the case of *Kahnzweiler v. Phoenix Ins. Co.,* 67 Fed. 483, 14 C. C. 485, the court said:

"When it is once established that the meaning of any provision in a policy of insurance is ambiguous or capable of two meanings, then all doubt as to its proper construction vanishes. It must receive that interpretation most favorable to the insured. "If a policy is so drawn as to require interpretation, and to be fairly susceptible of two different constructions, the one will be adopted that is most favorable to the insured. This rule, recognized in all the authorities, is a just one, because these instruments are drawn by the company. *National Bank v. Insurance Co.,* 95 U. S. 673-678, [24 L. Ed. 563].' *Thompson v. Insurance Co.,* 136 U. S. 287-297, 10 Sup. Ct. 1019 [34 L. Ed. 408]; 2 Whart. Cont. 670. Another well-settled rule for the interpretation of all contracts is that the court will lean to that interpretation of a contract which will make it reasonable and just. Bish. Cont. sec. 400. Applying these rules to the tenth clause of this policy, its proper interpretation seems quite clear. When there is a difference between the company and the insured as to the amount of the loss, the policy declares: 'The same shall then be submitted to competent and impartial arbitrators, one to be selected by each party. * * * It will be observed that the obligation to procure or demand an arbitration is not, by this clause, in terms imposed on either party. It is not said that either the company or the insured shall take the initiative in setting the arbitration on foot. The company has no more right to say the insured must do it than the insured has to say the company must do it. The contract in this respect is neither unilateral nor self-executing. To procure a reference to arbitrators, the joint and concurrent action of both parties to the contract is indispensable. The right it gives and the objection it creates to refer the differences between the parties to arbitration are mutual. One party to the contract cannot bring about an arbitration. Each party is entitled to demand a reference, but neither can compel it, and neither has the right to insist that the other shall first demand it, and shall forfeit any right by not doing so. If the company demands it, and the insured refuses to arbitrate, his right of action is suspended until he consents to an arbitration; and if the insured demands an arbitration, and the company refuses to accede to the demand, the insured may maintain

a suit on the policy, notwithstanding the language of the twelfth section of the policy; and where neither party demands an arbitration both parties thereby waive it.

"Undoubtedly there is much implied in every writing, whether it be a statute or a contract. It is a maxim that 'what is implied in a statute is as much a part of it as what is expressed.' *Wilson County v. Third Nat. Bank of Nashville,* 103 U. S. 770 [26 L. Ed. 488]; *Gelpcke v. Dubuque,* 1 Wall. 222 [17 L. Ed. 530]. And this maxim is equally applicable to the interpretation of contracts. The interpretation contended for by the defendant in error would have the effect to import into the tenth clause of the policy, after the words 'failing to agree,' a clause to the effect that 'the insured shall thereupon demand an arbitration;' and also to import into the twelfth clause, 'Unless the insured has demanded an arbitration and the company has refused to accede thereto.' The rule for the interpretation of the policies of insurance which we have adverted to preclude the court from importing any such clauses into this policy. The effect of doing so would be to construe the ambiguities and uncertainties of the policy in favor of the company and against the insured. We think it necessarily implied in the tenth clause that, before either party can derive any advantages or benefit from this provision, he must indicate his readiness to be bound thereby, and demand compliance therewith by the other party. The clause is to be construed the same as if it read, 'Upon the request of either party. These words, or their equivalent, are commonly found in similar clauses in policies of fire insurance, and they are necessarily and plainly implied in this policy. This is the interpretation placed upon a policy of the defendant in error, identical with the one here in suit, by the Supreme Court of Montana. That court, construing the clause in the policy, declaring that no suit thereon shall be sustainable until after an award, say this provision 'will come into action to bar plaintiff's recovery where he has refused to arbitrate after the matter for arbitration arose, and the same was seasonably sought in conformity with the terms of the policy, as was the case of *Hamilton v. Insurance Co.,* 136 U. S. 242, 10 Sup. Ct. 945 [34 L. Ed. 419], and other cases cited in *Randall v. Insurance Co., supra* [10 Mont. 340], 25 Pac. 953.' *Randall v. Insurance Co.* [10 Mont. 340], 25 Pac. 960."

The construction of the contract given here is sustained by numerous cases, among which are *Lesure Lbr. Co. v. Mutual Fire Ins. Co.,* 101 Iowa, 514, 70 N. W. 761; *Randall v. American Fire*

*Ins. Co.,* 10 Mont. 340, 25 Pac. 953, 24 Am. St. Rep. 50; *Davis v. Atlas Assur. Co.,* 16 Wash. 232, 47 Pac. 436; *Milwaukee Me chanics' Ins. Co. v. Stewart,* 13 Ind. App. 640, 42 N. E. 290; *Vangindertaelen v. Phoenix Ins. Co.,* 82 Wis. 112, 51 N. W. 1122, 33 Am. St. Rep. 29; *Chapman v. Rockford Ins. Co.,* 89 Wis. 572, 62 N. W. 422, 28 L. R. A. 405; *Liverpool, London & Globe Ins. Co. v. Hall,* 1 Kan. App. 18, 41 Pac. 65; *Grand Rapids Fire Ins. Co. v. Finn,* 60 Ohio St. 513, 54 N. E. 545, 50 L. R. A. 555, 71 Am. St. Rep. 736. See *Lamson v. Prudential Fire Ins. Co.,* 171 Mass. 433, 50 N. E. 943.

Under the terms of the policy the company should have demanded an appraisal, if it desired it; and the appraisal was not a condition to recovery, unless demanded after disagreement as to amount of loss.

That there are a number of cases holding that the insured must demand an appraisement has not been overlooked in arriving at this conclusion. Neither has it been overlooked that the case of *Grand Rapids Fire Ins. Co. v. Finn,* 60 Ohio St. 513, 54 N. E. 545, 50 L. R. A. 555, 71 Am. St. Rep. 736, was expressly overruled in the case of *Graham v. German American Ins. Co.,* 75 Ohio St. 374, 79 N. E. 930, 15 L. R. A. (N. S.) 1055, 9 Ann. Cas. 79. The latter case resolves every ambiguity in favor of the insurance company. That there is some sort of liability on the policy is conceded in all the cases. All agree that if the insured makes demand for appraisement, and it is refused, he may then bring an action on the policy. This destroys the argument that an action cannot be brought on the policy at all, but that it must be brought on the award. It is not out of place to notice some of the cases relied upon by defendant.

The cases from Missouri and California seem to be directly in point sustaining defendant's position.

*Zalesky v. Home Ins. Co.,* 102 Iowa, 613, 71 N. W. 566, cited by defendant, there was a demand by the company for appraisement. The provisions of the policy in that case seem to be exactly the same as in the present case. In the course of the opinion the court said:

"From the foregoing statement it will be seen that the chief contention between the parties is as to whether or not, under the provisions of the policy, an appraisement, when demanded by the company, was a prerequisite to a commencement of a suit on the policy.  *  *  *  We have seen that the district court held, in effect, that under the provisions of the policy an appraisement, having been demanded by the company, was a condition precedent to the bringing of an action on the policy.  No appeal having been taken from this rule in that respect by plaintiff, and no further question touching it having been raised during the trial, it should have been conducted in accordance with the theory of the law so adopted by the court.  So, under these conditions of the record, we must hold that an appraisement, if demanded, was a condition precedent to the bringing of a suit upon its policy."

So in *Chippewa Lbr. Co. v. Phoenix Ins. Co.*, 80 Mich. 116, 44 N. W. 1055, there was a demand for appraisement.

In *Fisher v. Merchants' Insurance Co.*, 95 Me. 486, 50 Atl. 282, 85 Am. St. Rep. 428, there was an appraisal by arbitration, but the insured ignored the arbitrators and brought suit on the policy.  Afterwards he amended his petition, and alleged that the award of the arbitrators was invalid and void by reason of the misconduct of the referees, but did not allege that the misconduct was caused by the insurer.  It was held that as the parties had entered into an arbitration, and as it was not claimed that the insurer was at fault with regard to the misconduct of the arbitrators, that it was the duty of the plaintiff to procure an award that would be valid.

In the case of *Wolff v. Liverpool, London & Globe Ins. Co.*, 59 N. J. Law, 453, 14 Atl. 561, the insurance company alleged and proved that it made a written request upon the insured to submit their differences to arbitration.

The case of *Hood v. Harthorn*, 100 Mass., 117, 1 Am. Rep. 89, was one arising out of a lease of land.  It was stipulated in the lease that at the end of the term the buildings erected or the land by the lessee should be appraised by three disinterested men, etc., and the lessor should purchase the buildings at the price set by the appraisers.  It was held that the lessee must do all that was reasonably in his power to procure an appraisement

before he brought an action. It will be observed that in that case the appraisal was the only means mentioned in the contract by which the value of the property could be ascertained. There was no requirement in the contract that the parties should attempt to agree upon the price; and there was no intimation in the contract as to what the value of the building was. There was no question but that appraisement was required, because there was no other method in the contract by which the value of the property could be arrived at.

In view of defendant's admission in this case that it did not demand an appraisal of the property, the court did not err in holding that an appraisal was not required.

The second proposition relied upon by defendant is that the petition did not state a cause of action. A copy of the policy was attached to the petition. The policy showed that plaintiff had to perform various conditions before the defendant could be required to pay; but the petition failed to allege, either in detail or generally, as required by section 5662, Comp. Laws 1909, that he had performed the conditions. Defendant demurred to the petition, and the demurrer was overruled. It is contended that the petition was insufficient, because it failed to allege that the plaintiff had complied with all the terms and conditions of the policy. The petition was undoubtedly defective, and the demurrer should have been sustained. *Gray v. Reliable Ins. Co.,* 26 Okla. 592, 110 Pac. 728; *St. Paul Fire & Marine Ins. Co. v. Mittendorf,* 24 Okla. 651, 104 Pac. 354, 28 L. R. A. (N. S.) 651; *St. L. & S. F. R. Co. v. Phillips,* 17 Okla. 264, 87 Pac. 470. But it is contended by plaintiff that the defendant, by pleading over, filing its answer, and undertaking to point out wherein the plaintiff had failed to perform the conditions of the policy, waived the grounds of the demurrer. A very large number of cases hold that where a defendant, after demurrer to the petition has been overruled, files an answer and goes to trial upon the merits that he waives the grounds of the demurrer. 31 Cyc. 747. In the view of the provisions of the statute that the petition shall state the facts constituting the cause of action (a provision which is only declaratory of the common law, and follows the

system of pleading in all civilized countries), the soundness of this rule may be questioned; and certainly it cannot be the law, where a petition fails to state a cause of action, that if the defendant, after saving an exception to the overruling of the demurrer, files an answer, which is merely a general denial, he waives the ground that the petition does not state facts sufficient to constitute a cause of action. 31 Cyc. 749; *Love v. Cavett*, 26 Okla. 179, 109 Pac. 553; *Clinton Cemetery Ass'n v. McAtee*, 27 Okla. 160, 111 Pac. 392, 31 L. R. A. (N. S.) 945. But in this case the answer was more than a general denial. The defendant, by his answer, pointed out, or attempted to point out, the conditions of the policy which had been violated by the plaintiff. If the doctrine of waiver by pleading over is ever entitled to consideration, it seems that it should be in a case of this sort. The issue was fairly tried as to whether or not the plaintiff had performed the conditions of this policy. This was fairly raised by the answer and the reply thereto, and was the question submitted to the jury. It does not appear that defendant was injured by the overruling of the demurrer, and the case should not be reversed because it was overruled. *Mullen v. Thaxton*, 24 Okla. 643, 104 Pac. 359.

*Schenk v. Hartford Fire Ins. Co.*, 71 Cal. 28, 11 Pac. 807, was an action on a fire insurance policy. The plaintiff did not plead the application properly, and the defendant, in its answer, set up the application and alleged a breach of its conditions. The court, after referring to *Gilmore v. Lycoming Ins. Co.*, 55 Cal. 124, said:

"It is true that plaintiff did not follow in his pleading the rule as laid down in that case, and the demurrer on that account should have been sustained; but the defendant, in its answer set out the tenor and effect of that application, so far as was deemed necessary to its defense, and pleaded that by reason of a breach of that contract so set out the plaintiff should not be permitted to recover. Thus there was presented to the jury for trial, by the pleading of defendant, an issue of fact which has been decided against it by a jury; and, as there is nothing in the judgment roll to show to the contrary, we must presume that the evidence warranted the verdict. The defect in the complaint was cured by the averments of the answer. Pomeroy on Remedies and Re

medial Rights, sec. 579. By the choice of the defendant, the fact, which was essential to the plaintiff's recovery, which had been omitted to be pleaded in his complaint, was so pleaded in the defendant's answer, with a view to defeat the plaintiff's recovery, that a jury was enabled, upon the evidence before it, to pass upon the issue raised and tendered by the defendant. If the defendant has been beaten upon its own chosen ground of battle, which but for its pleading could not have been fought, we cannot see any good reason to reverse the judgment here, in order that the plaintiff may plead in his complaint, and tender as an issue to the defendant to be retried, that which, of its own choice, the defendant, in its answer, has already tendered to the plaintiff, upon which the controversy has been tried before a jury, and by it determined, as we must suppose, properly."

See, also, *Hegard v. California Ins. Co.* (Cal.) 11 Pac. 594; *Patterson v. M., K. & T. Ry. Co.*, 24 Okla. 747, 104 Pac. 31; *Grandstaff v. Brown*, 23 Kan. 176.

The third proposition urged by defendant is that the plaintiff's reply constituted a departure from the petition, and contained matter not proper to be pleaded in a reply. The reply did not constitute a material departure. The first three paragraphs of the reply were general and specific denials of the allegations in the answer. The fourth paragraph was to the effect that after the fire the defendant sent its adjuster to adjust the loss, and offered to pay the policy in full if the plaintiff would cancel and surrender a policy which she held in the Rochester German Insurance Company, and that the defendant did not return to her the proof of loss she had made, nor ask for any additional proof, nor offer to tender back to her the amount of the premium, nor notify her that the proof of loss was insufficient in any particular, nor claim that said proof was false or fraudulent in any particular, and that thereby the defendant had waived all the conditions of the policy, and was estopped to rely upon them, or any part of them.

This part of the reply seems to have been directed against the portion of the answer which alleged that the plaintiff fraudulently misrepresented the value of the property in her proofs of loss. The answer admitted that proof of loss was made, but claimed that it fraudulently overvalued the property. This was

an affirmative defense, and the general denial contained in the reply was a sufficient reply to it. The matters contained in the portion of the reply claimed to be a departure did not constitute a good reply to the answer. The court did not instruct upon the theory of this part of the reply at all, but instructed the jury that if the value of the property destroyed was fraudulently misrepresented the plaintiff could not recover.

There is no material error in the record, and the case should be affirmed.

By the Court: It is so ordered.