## B. O'DRISCOLL V. FRANCES L. SOPER.

1. SERVICE OF SUMMONS; *Finding; Record Evidence.* A finding in the journal entry of a judgment of a court of record of due service of summons, is *prima facie* evidence thereof.

2. ———— Where this finding is in general terms, and the record discloses one service, and only one, the finding will be presumed to have reference to that service, and the validity of the judgment will turn upon the sufficiency of that service.

3. ———— But where the record discloses that in fact two summonses were issued and two services made, and the papers in the case including the summonses· are all lost or destroyed, the *prima facie* evidence of service from the recital in the journal entry will not be overthrown by the fact that but one summons and one return are copied into the final record.

4. ———— The final record, the journal, and the appearance docket are each records of the court, and the silence of the former does not negative the existence of a fact shown by either of the two latter.

*Error from Doniphan District Court.*

EJECTMENT, brought by *O'Driscoll* against *Soper*, to recover possession of lots 7 and 8, in block 23, in the original town of Troy. Plaintiff formerly owned the property, and claimed to be the owner in fee simple, and entitled to the possession. Defendant had been in possession nearly fifteen years, and claimed title under a sheriff's deed made upon a sale of said lots under a writ of execution issued upon a judgment rendered in favor of one Patrick and against *O'Driscoll* and one Dunning in 1859. The second trial was had at the September Term 1875 of the district court. Findings and judgment in favor of the defendant *Soper*, and plaintiff brings the case here.

*Price & Heatley, W. D. Webb,* and *B. O'Driscoll,* for plaintiff.
*Albert Perry,* for defendant.

The opinion of the court was delivered by

BREWER, J.: In this case the question is as to the validity of a judgment of the district court of Doniphan county,

rendered in April 1859. The facts are these: The journal entry of the judgment recites, that the defendants were "duly summoned." The papers and files of that case were destroyed by fire. If there were no other testimony, the decisions in *Bixby v. Bailey*, 11 Kas. 365, and *Haynes v. Cowen*, 15 Kas. 645, would sustain the validity of the judgment. A finding and adjudication by a court of record of the fact of service, is *prima facie* evidence thereof. To overthrow this, the final record was offered, in which appears copied a summons with the officer's return of service upon one defendant only, and that not the defendant whose lots were afterward sold, and who is plaintiff in this case seeking to recover said lots. There were two defendants, and the finding of service and the judgment were against both. Upon this counsel invoke the aid of that rule which declares that where the record discloses service in a particular manner, no presumption can arise that other and different service was made. In other words, the record here discloses service upon one defendant, and no presumption can arise that service was also made on the other defendant; the record contains but the one summons, and the one service; and by the record the case must stand or fall. With the rule as above stated, in its general scope and effect, we are content. Where the record discloses service in one way, there is no presumption that service was afterward made in another and better way. The finding of due service in the journal entry of judgment, if simply a general finding, is limited and controlled by the service actually appearing in the record. But we are constrained to hold that in this case that rule is not conclusive, and that its operation is destroyed by other facts also appearing in the record. The final record copies but one summons, and one return of service. It is silent as to the existence of any other summons or return. It nowhere affirmatively states that only one summons was issued, and one return made, and in the return copied the officer making the service states his fees at $2.60. Turning now to the

appearance docket, a docket required by the statute to be kept, and as much a record of the court as the final record, we find noted the issue of two summonses, and the fees therefor charged, the filing of two summonses and the fees therefor, and the sheriff's fees thereon stated at $5.20. True, the entries are not as full as the statute required, in that the names of the defendants summoned are not noted, nor the returns copied; but still, so far as they go they are evidence, and evidence of record. Again, as appears by the record, in October 1860, and before the sale to this defendant, O'Driscoll filed his motion to set aside a sale made by the sheriff under this judgment, and his motion was sustained. Still again: In September 1862, and after the sale to defendant, O'Driscoll again appeared by motion to retax costs. If we go outside the record, we find that O'Driscoll was a member of the Doniphan county bar at the time of the rendition of said judgment, and a resident of that county ever since, except during the war; that he was present at both sheriff's sales; that he requested the officer to sell certain lots first, and asked some gentlemen to purchase lots for their own benefit; that he never attempted to disturb the possession of the purchasers at such sale until just before the expiration of the fifteen-year statute of limitation, and though he knew of the existence of this judgment, and the proceedings under it, does not pretend to have discovered its invalidity for more than ten years after its rendition, and until after the files had been destroyed by fire. Again: One Boder who was deputy-clerk at the time the suit was commenced testified: "It was the custom, when I was deputy-clerk, and when the Patrick v. O'Driscoll case was commenced, to issue as many summonses as there were defendants in the case." He also testified: "I was present when the case was entered, and when the return was called for by the judge. Mr. Sidney Tennant, attorney, said it was all right, holding up two papers in his hand, and offering to read the returns; and the judge then said, it is all right; that is unnecessary. I was

special deputy when the final record was made. The O'Driscoll summons could not be found. I think I had seen it sometime before."

Now whether or not the doctrine of equitable estoppel would have any effect in this case, as claimed by counsel, we shall not inquire. We shall consider no testimony or matters outside the record, except such as tends to prove the fact and contents of a lost instrument. Upon the record as it stands we hold the judgment valid. And we lay down these as correct propositions of law:

1st. The finding in the journal entry of a judgment of a court of record of due service of summons, is *prima facie* evidence thereof.

2d. Where this finding is in general terms, and the record discloses one service, and only one, the finding will be presumed to have reference to that service, and the validity of the judgment will be determined by the sufficiency of that service.

3d. But where the record discloses that in fact two summonses were issued, and two services made, and the papers in the case including the summonses are all lost or destroyed, the *prima facie* evidence of service from the recital in the journal entry will not be overthrown by the fact that but one summons and one return are copied into the final record.

4th. The final record, the journal and the appearance docket are each records of the court, and the silence of the former does not negative the existence of a fact shown by either of the two latter.

These propositions compel an affirmance of the judgment.

All the Justices concurring.