THE GALE MANUFACTURING COMPANY *et al.* v. LYMAN SLEEPER *et al.*

No. 13,963.   ( 79 Pac. 648.)

SYLLABUS BY THE COURT.

INJUNCTION—*Right to Sue.* The privilege of one whose real property is levied upon under an execution against another to make a motion in the case in which the execution was issued to release the property from such levy does not afford him such an adequate remedy at law as to cut off any right he would otherwise have to maintain injunction against the sale of the property.

Error from Allen district court; A. H. CAMPBELL, judge *pro tem.* Opinion filed February 11, 1905. Affirmed.

*Thompson & Thompson*, for plaintiffs in error.

*McClain & Apt*, for defendants in error.

The opinion of the court was delivered by

MASON, J. : The Gale Manufacturing Company sued a firm composed of S. T. Breckenridge and Harry Sleeper in justice's court upon an account. During the pendency of the action Breckenridge conveyed a tract of land to Lyman Sleeper, the father of Harry Sleeper. The company, having recovered judgment,

Gale v. Sleeper.

filed a transcript in the district court and caused an execution to be levied upon this land, upon the theory that such deed was .void because made in fraud of creditors.   Lyman Sleeper then began an action of injunction against the company, in which he obtained a final judgment enjoining the sale of the land under the execution.   The Gale company prosecutes error.

Plaintiff in error contends that a demurrer to the petition for injunction should have been sustained upon the ground that the plaintiff had an adequate remedy at law in that he could have made a motion in the case in which the execution was issued to release the land from the levy.   The case of *Crist v. Cosby et al.*, 11 Okla. 635, 69 Pac. 885, cited in support of the contention, contains expressions apparently sustaining this view.   All that was there actually decided, however, was that a defendant wrongfully served with summons must contest the sufficiency of the service, if at all, in that action, and not by an independent suit after judgment to restrain its enforcement.   The remedy open to one whose property is seized upon process against another, by a motion to be made in a case to which he was not a party, is inadequate for this reason, if for no other, that through such a proceeding no final settlement of the matter in controversy can be had.   "A decision either way on such motion would not affect the ultimate rights of the parties, nor be a bar to an action to determine the ownership."   (*White-Crow v. White-Wing*, 3 Kan. 276.)   Therefore, whatever right Lyman Sleeper might otherwise have had to maintain injunction was not affected by the privilege open to him of making a motion in the case against Breckenridge and Harry Sleeper.   As such right has not been challenged upon any ground excepting that stated, no consideration

need be given to other questions that might have been raised in that connection.

· A further assignment of error is based upon the fact that a mortgagee of the property in controversy was permitted to intervene and obtain a decree of foreclosure in the injunction suit. Assuming that this was error it does not warrant a reversal. Inasmuch as the court held that the plaintiff in error had no interest in the property, it was not prejudiced in any way by the foreclosure of the mortgage.

It is also argued that the evidence does not support the decision made, but compels the conclusion that the deed to Lyman Sleeper was fraudulent. Circumstances were shown giving color to the claim of fraud, but they cannot be said to have conclusively established it.

The judgment is affirmed.

All the Justices concurring.