## RADER, *Sheriff, et al.* v. GVOZDANOVIC.

No. 2399. Opinion Filed February 11, 1913.

(130 Pac. 159.)

**PARTIES** — Execution — Substitution — Injunction. Where, in a suit to restrain the execution of a judgment against him, on the ground that the land levied upon constituted the homestead of plaintiff and his family, and at the time the instrument merged in the judgment was executed the title thereto was in the United States, but that the same had subsequently been proven up, and where the court permitted an amendment by striking out the name of plaintiff and substituting therefor the name of his wife, **held,** that as such amendment did not change the claim, in view of Wilson's Rev. & Ann. St. 1903, sec. 4343, no error. **Held,** further, that the remedy by motion to quash was cumula-

tive, and did not oust a court of equity of its jurisdiction to restrain the execution of the judgment on the ground that it exerted no lien upon the land.

(Syllabus by the Court.)

*Error from District Court, Kay County;*
*W. M. Bowles, Judge.*

Action by Tomo Gvozdanovic against R. E. Rader, Sheriff, and others. Mary Gvozdanovic, the wife of plaintiff, was thereafter substituted in his place. Judgment for plaintiff, and defendants bring error. Affirmed.

*W. S. Cline,* for plaintiffs in error.

*W. K. Moore,* for defendant in error.

TURNER, J. On May 4, 1909, Tomo Gvozdanovic filed in the district court of Kay county his petition, and prayed for and obtained a temporary restraining order enjoining R. E. Rader, as sheriff of that county, from selling, under execution, a certain piece of land to satisfy a certain judgment, declared a lien thereon, which Stark Bros. had theretofore recovered against him in said court. After motion to dissolve, which seems not to have been passed on, defendants, who are plaintiffs in error, answered and justified under the writ, and for a second defense pleaded that the matter was *res adjudicata,* in that petitioner theretofore, in that case, had moved to quash said execution, on the ground, among others, that the same was his homestead, and the same had been overruled. On September 7, 1909, came petitioner and moved the court to substitute for him, as plaintiff, his wife, Mary, which was done; whereupon she filed an amended and verified petition, alleging, in substance, that the judgment sought to be enforced by the process complained of was not a lien upon the land, for the reason: "That the judgment which the said order of sale was issued to satisfy was rendered on the 1st day of December, 1905, on a written instrument signed by Tomo Gvozdanovic on the 31st day of August, 1894, which said instrument purported to give a lien on the aforesaid land, above described. That at the time that the said Tomo Gvozdanovic signed the said instrument on the 31st day

of August, 1894, he was the head of a family and a married man"—and with his children was living on the land with this plaintiff, his wife.—

"That the said land was at that time, and is now, the homestead of the said Tomo Gvozdanovic and this plaintiff. That it was government land belonging to the United States at the time the instrument sued upon in this action was signed, and was not proved up and patent issued until the year 1903. That this plaintiff did not sign the said instrument which, it is alleged, became a lien upon the said land, and which the court attempted to foreclose in its judgment of December 1, 1905. That the said instrument so signed by Tomo Gvozdanovic was, on account of this plaintiff not signing the same with her husband, Tomo Gvozdanovic, absolutely null and void and of no effect, so far as creating a lien upon the land herein described, which was, and is now, the homestead of the plaintiff and Tomo Gvozdanovic. That no judgment has ever been rendered against this plaintiff, and no service of process has ever been served on her in an action against her, wherein it was sought to foreclose any lien upon the homestead in question. That she has never signed any instrument which gave, or purported to give, to Stark Bros. any lien upon her homestead. That a sale of the above-described property would result in great and irreparable damages to the plaintiff, and that she has no other speedy, adequate, or proper remedy at law"

—and prayed that the injunction be made perpetual.

After answer to said amended petition, in effect the same as to the petition of Tomo, there was trial to the court, which resulted as prayed, and defendants bring the case here. It is not assigned that the court erred in holding that the judgment exerted no lien upon this homestead. Defendants assign only that the court erred in sustaining the motion of Tomo and substituting his wife as party plaintiff; and that the judgment theretofore rendered, overruling his motion to quash this execution, was final and a bar to any further proceedings to execute the order of sale issued in said cause. They contend that plaintiff had an adequate remedy at law. As the amendment did not change the claim, the substitution made was proper. Wilson's Rev. & Ann. St. 1903, sec. 4343.

In *Hanlin v. Baxter*, 20 Kan. 134, Baxter sued Hanlin, before a justice of the peace, in damages, alleged to have been done

by his cattle on certain land, the owner of which was not alleged. After Hanlin appeared and a jury had been accepted, Baxter obtained leave, over objection and exception, to substitute William O. for himself (John B. Baxter) as plaintiff in the amended bill of particulars. After judgment for William O. against Hanlin, the latter removed the cause by proceedings in error to the district court, which affirmed the proceedings and judgment of the justice. Further, on proceedings in error to the Supreme Court, Brewer, J., said:

"Can a justice, under any circumstances, permit such an amendment? It may be remarked that, as no change was made in the allegation of the date of the trespass, or the premises upon which the trespass was committed, the cause of action was apparently the same; and the only change was that a different party was presented as entitled to recover for the damages done. It may be conceded that the circumstances are rare which will justify such an amendment; but that the power to make it exists must, we think, also be conceded. The authorities seem to warrant this"

—and, after citing numerous authorities, affirmed the judgment.

There is no merit in the contention that the question adjudged by the action of the court in overruling Tomo's motion to quash this execution against him is *res adjudicata* as to him, much less as to her. That remedy being merely cumulative and available by either or both, it follows that to protect her homestead, Mary had a right to resort to this remedy, the object of which is to restrain its sale under an execution on a judgment neither of which exerted a lien upon the land. *Love, Sheriff, et al. v. Cavett*, 26 Okla. 179, 109 Pac. 553.

The judgment is affirmed.

All the Justices concur.