## WORLEY, Sheriff, et al. v. MUNDELL.

No. 16201—Opinion Filed Jan. 26, 1926.

Rehearing Denied Feb. 15, 1927.

**1. Equity—Adequate Remedy at Law—Loss of Remedy by Laches.**

The powers of a court of equity cannot be invoked where it is clear from the facts pleaded in the petition that the plaintiff had a plain and adequate remedy at law, and by his own laches or neglect failed to avail himself thereof, and no valid cause or excuse is shown for such failure or neglect.

**2. Injunction—Remedy Against Illegal Attachment.**

The remedy to discharge property from illegal attachment is provided by section 229, C. S. 1921, and any person who knowingly neglects this remedy until after judgment and order of sale of the attached property is not entitled to injunctive relief against the order of sale.

(Syllabus by Threadgill, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Garvin County; A. C. Barrett, Judge.

Action by Ida Mundell against C. F. Worley, sheriff of Garvin County, Okla., and G. T. Shook, undersherik of Garvin SCounty. Okla., and the Colony Mercantile Company, to enjoin the sale of attached property. Judgment for plaintiff, and defendants appeal. Reversed and remanded, with directions.

Bowling & Farmer, for plaintiffs in error.

Blanton, Osborn & Curtis, for defendant in error.

Opinion by THREADGILL, C. Plaintiffs in error were defendants and defendant in error was plaintiff in the trial court, and they will be referred to here as they appeared there. C. F. Worley was sheriff and G. T. Shook, was undersheriff of Garvin county. They had levied an execution or order of sale, issued out of the district court of Caddo county, upon an oil and gas lease on the S. E. ¼ of sec. 20 T 1. N., R. 3 W. Garvin county, which appears of record in the name of J. E. Trimmer, and were advertising the same for sale as property attached at the order of the Colony Mercantile Company, in an action in the district court of Caddo county, against said F. J. Trimmer, and in which the plaintiff obtained judgment against him for damages for conversion, and the judgment sustained the attachment. Ida Mundell, plaintiff in this action, was not made a party in that action, and, although she knew that the attachment was levied, she made no appearance and took no steps to interplead against the attachment. In bringing this suit she contended that she was the owner of the land, and on December 21, 1921, she and her husband, J. J. Mundell, executed an oil and gas lease on the land to J. F. Trimmer, who was her brother, without consideration, for the sole and only purpose of authorizing him as her agent to sell as oil and gas lease on the land in her absence; and while she was gone to San Antonio, Tex., for her health. She pleaded in her petition that said J. F. Trimmer was her agent and had no interest in the oil and gas lease only as her agent, and, acting as such, he had executed an oil and gas lease on a part of the land to A. L. Beach without any consideration, and said party as her agent had sold and transferred oil and gas leases to other persons for valuable considerations, and warranted the title, and she is liable on the warranties, and brings this action to enjoin the sale and to clear the title and protect her warranties to the lessees for value. She asks that she be adjudged to be the owner of the oil and gas lease held in the name of J. F. Trimmer, and that the defendants be restrained from selling or offering to sell said oil and gas lease; that the title in the lands and premises be quieted in her, and that the levy of the attachment and special execution for sale of the oil and gas lease upon the lands be removed as clouds upon her title. The defendants, the sheriff and undersheriff, demurred to the petition, which was overruled and they made no further appearance in the case except as witnesses.

The Colony Mercantile Company filed an answer, in which it stated that C. F. Worley, the sheriff, and G. T. Shook, the undersheriff, of Garvin county, were defendants by reason of the execution placed in their hands for service as officers of the law, and that it should be substituted as defendant in their stead, being the moving party in having the execution issued and placed in their hands for service. The substitution was made. It then pleads the action filed in the district court of Caddo county in February, 1922, and that the attachment issued in said case was served in Garvin county against the property of J. F. or Fount Trimmer, the defendant in the action; it pleads that the attachment was levied on the oil and gas lease in controversy, and that on February 5, 1924, it obtained a judgment against Fount Trimmer in said action, and the judgment sustained the attachment levied on the said property and the same was ordered sold, and that the sheriff and undersheriff were proceeding under the order of sale to sell the property according to law. It further states that the plaintiff, Ida Mundell, is not the owner of said oil and gas lease. It denies that she made the said lease to said J. F. Trimmer to constitute him her agent as alleged in her petition. It further pleads that she is estopped to maintain her action for the reason she had known of the pendency of the suit in the district court of Caddo county and of the attachment of said oil and gas lease in said case, for more than two years before commencing her action; that she had due notice of said suit and of the levy of said writ of attachment and failed and neglected to appear in the district court of Caddo county to defend in said cause. It pleads further that since the attachment was levied on said oil and gas lease, J. F. Trimmer had endeavored to convey said oil and gas lease to other persons for the purpose of avoiding his debts and defeating defendant's claim; that he had transferred an oil and gas lease on ten acres of the land to one A. L. Beach, and that the said assignment was without consideration and void as to the defendant; that said A. L. Beach had transferred, by assignment, his lease to the Amerada Petroleum Company, which said conveyance is void as to this defendant. It states further that A. L. Beach assigned an oil and gas lease to one Frank O. Ringer, which is void because made after the attachment. It states further that the "Amerada Petroleum

Company paid a consideration for its lease in a sum of as much, at least, as the sum of $1.500," and that said money is being held in escrow pending the termination of the defendant's attachment and the result of this action. Thereupon it prays that the Amerada Petroleum Company be made a party defendant in the action, and that A. L. Beach and Frank O. Ringer be made parties defendants, and that they be required to show what interests they have in the property in controversy. A temporary injunction having been issued against the sheriff and undersheriff of Garvin county, defendant asks that said order be vacated. It further asks that title to the oil and gas lease be quieted against the conveyances after the attachment was levied; that the sheriff may proceed with the sale of the property under the orders of the court of Caddo county. The court made an order to strike from the answer of defendant Colony Mercantile Corporation, the application to make the Amerada Petroleum Company, A. L. Beach, and Frank O. Ringer, parties defendants, and defendant excepted. Thereupon the plaintiff, Ida Mundell, filed her reply to the answer consisting of a general denial. The cause was tried to the court on September 17, 1924, and resulted in a judgment in favor of plaintiff, and the defendant Colony Mercantile Corporation brings the case here by petition in error and case-made attached for review.

Defendants urge two propositions for reversal: "(1) Whether or not the said Ida Mundell was entitled to injunctive relief and did her petition therefore state a cause of action? (2) Was she estopped from setting up her claim of ownership of the oil and gas on said land by reason of her laches?"

Under the facts in the case, the primary question involved is whether or not the plaintiff was entitled to injunctive relief against the order of sale under the judgment sustaining the attachment. It will be observed, according to the facts stated in plaintiff's petition, that she executed the oil and gas lease to J. F. Trimmer, who was her brother, for the purpose of authorizing him to act as her agent in selling the lease to some other person while she was in Texas for her health, and she does not ask for any relief against him, nor does she ask that the legal title, so transferred to others after the attachment was levied, be cancelled; the only relief asked is against the sheriff and the Colony Mercantile Company, to prevent a sale of the oil and gas lease rights

under the execution issued out of Caddo county.

The general rule is that where a person has a plain, sufficient, and adequate remedy at law, he is not entitled to invoke the extraordinary remedy of injunction. Wallace v. Vullen, 6 Okla. 17, 52 Pac. 954; Goldin v. Guthrie. 3 Okla. 128, 41 Pac. 350; Fast v. Rogers 30 Okla. 289, 119 Pac. 241; Harris v. Smiley, 36 Okla. 89, 128 Pac. 276; Stoner v. Hyde, 82 Okla. 5, 198 Pac. 328.

Section 229, Compiled Statutes 1921, provides:

"Any person claiming property, money effects, or credits attached, may interplead in the cause, verifying the same by affidavit, made by himself, agent or attorney, and issues may be made upon such interpleader and shall be tried as like issues between plaintiff and defendant, and without any unnecessary delay."

In the case of First National Bank of Cleveland v. Coates. 62 Okla. 142. 161 Pac. 1095, it is held:

"If the property attached belongs to another, the proper procedure to discharge the property from the attachment would be by the intervention of the owner of said property."

Under the above section, plaintiff had a plain, sufficient, and adequate remedy at law to contest the attachment levied on the oil and gas lease, and it does not appear from the record that she was prevented from making such defense by any facts or circumstances over which she had no control. She knew about the attachment a long time prior to the judgment rendered in the case, and talked to her attorneys about it, and yet took no steps to interplead against it. The only exception to the general rule is stated in American & English Encyclopedia of Law (2nd Ed.) vol. 16, p. 374, as follows:

"The only cases in which equity will relieve against a judgment on grounds which might have been availed of as a defense to the action at law are where the party was prevented from making such defense, not through any lack of diligence on his part, but through fraud, accident, surprise, or some adventitious circumstance beyond his control. This proposition has been so repeatedly affirmed that it has become a principle and maxim of equity and it is so inflexible that it will not be abrogated, even where the judgment is manifestly wrong in law or fact. or will work injustice or hardship." Citing many authorities.

But plaintiff contends that the rule enunciated by the authorities of this court cited above has been overruled by Love, Sheriff,

et al. v. Cavett, 26 Okla. 179, 109 Pac. 553; and Rader. Sheriff, 'et al., v. Gvozdanovic, 35 Okla. 421, 130 Pac. 159; and many Kansas cases, the principal of which is Gale Mfg. Co. v. Sleeper (Kan.) 79 Pac. 648. We do not think this contention is correct. It will be observed in reading these cases that there is a' distinction drawn between cases where the remedy at law is not adequate and where the remedy is adequate; that is, where the remedy provided by law is sufficient to settle all the issues of the controversy and protect all the rights of the party asking the remedy and where it is not sufficient for this purpose. In the Love Case, supra, the court, in refusing to follow the general rule laid down in the case of Crist v. Cosby, 11 Okla. 635, 69 Pac. 885, said:

. "If the court in that case intended to hold that the remedy given by the section of the statute, supra, was more than cumulative, and ousted a court of equity from its inherent jurisdiction to quiet title and remove a cloud therefrom, we will not follow it. Rather will we follow tne doctrine laid down by the court in the Gale Manufacturing Co. et al. v. Lyman Sleeper et al., 70 Kan. 806, 79 Pac. 648. In that case plaintiff in error sued a firm composed of W. T. Breckenridge and Harry Sleeper in a justice's court on the account. Pending the action Breckenridge conveyed a tract of land to L. Sleeper, the father of Harry. After judgment recovered, it filed a transcript thereof in the district court, and caused to be levied an execution upon said land,' upon the theory that such deed was void as ̀ fraud on creditors. L. Sleeper then sued and enjoined said company from selling the land under said execution. The Gale Company prosecuted error. Plaintiff in error contended that its demurrer to the petition for injunction should have been sustained upon the ground that plaintiff had an adequate remedy at law, in that he could have made a motion pursuant to said section in the case in which the execution issued, to release the land from levy. It cited and relied on the Crist Case, supra, which the court said contained expressions apparently to sustain that view, but which did not; that the remedy suggested, for the reason, among others, that by such proceeding no final settlement of the matter in controversy could be had, was inadequate, and quoted from the White Crow Case, supra, where the court said: 'A decision either way on such motion would not affect the ultimate rights of the parties, nor be a bar to an action to determine the ownership,' and, in effect, held that the remedy by motion was merely cumulative."

There is no conflict in the two cases. The Crist Case was an action to have a judgment decreed null and void where a defendant had failed to make a defense and failed to move the vacation of the judgment and to restrain the sale of the attached property under the execution. The Supreme Court sustained the judgment of the trial court denying the relief asked for on the ground that there was an adequate remedy at law available to plaintiff which she failed to take advantage of. In the Love Case, supra, the action was to clear the title of an execution illegally levied on the real estate under a judgment, to which plaintiff was not a party, and the real estate involved was not held in the name of the judgment debtor. In such case the court held that there was no adequate remedy at law to remove the cloud cast by the execution and the threatened sale of the property although illegal and void.

The Gvozdanovic Case, supra, was an action by the wife of the judgment debtor to protect the homestead against an illegal execution, and it was held a motion to quash such execution was available to the wife as well as the husband, but such was merely a cumulative remedy and did not preclude her from resorting to the equitable remedy to restrain a sale of the execution and remove the cloud cast upon the homestead; citing the case of Love, Sheriff, et al. v. Cavett, supra, as authority for this holding of the court.

In the Gale Manufacturing Co. Case, supra, the Kansas court held that a motion to release property from an illegal execution does not afford such an adequate remedy at law as to cut off any right to maintain injunction against the sale of the property.

It appears from all the authorities that no hard and fast rule can be stated applicable to all cases, but that in each case it must be determined from all the facts and circumstances as to whether or not there is an adequate remedy provided by law, and if so, it must be followed, and if not, equity may be invoked to prevent irreparable injury.

In the case at bar plaintiff knew that the attachment was levied on the oil and gas lease which she had made to her brother, J. F. Trimmer, and she knew this long before the case was tried in the district court of Caddo county, and she had ample time in which to file and prosecute an interplea under section 229, C. S. 1921, and have all her rights in the property attached adjudicated. It cannot be said that this remedy was merely cumulative, it was sufficient for all purposes, and it must be held in this case that she had an adequate remedy at law and is not entitled to equitable relief. We

are, therefore, of the opinion that the demurrer to the petition should have been sustained.

The judgment is therefore reversed, and the cause remanded to the trial court, with directions to sustain defendant's demurrer to the petition, and dismiss plaintiff's action.

By the Court: It is so ordered.

Note.—See under (1) 21 C. J. p. 47 §23. (2) 32 C. J. p. 65 §46.